UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY S.I. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24CV43   HEA |
| | ) | |
| STEVEN SIMERL, CASE SIMERL, | ) | |
| and NORTHEAST MISSOURI | ) | |
| ELECTRIC POWER COOPERTIVE, | ) | |
| | ) | |
|     Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on Plaintiff's motion for summary judgment, [Doc. No. 36]. Defendant Northeast Missouri Electric Power Cooperative("Northeast")opposes the motion and it is fully briefed. For the following reasons, the motion for summary judgment should be granted.

Background

This action arises from an underlying personal injury lawsuit filed against Northeast by defendant Case Simerl cause number 19SE-CC00007 captioned Simerl v. Northeast Missouri Electric Power (the "State Action"). Case alleged Northeast was liable for damages arising from bodily injury he incurred in the accident.

– 1 –

Northeast filed a third-party action against Steven Simerl for claiming he was careless, negligent, and or violated other duties arising under Missouri law. Northeast dismissed its third-party action against Steven, however, the dismissal was not with prejudice.

Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Herring v. Canada Life Assur. Co*., 207 F.3d 1026, 1029 (8th Cir.2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see *Crossley v. Georgia–Pacific Corp*., 355 F.3d 1112, 1114 (8th Cir.2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir.2005).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

The following findings of fact are taken from Plaintiff's Statement of Uncontroverted Facts.

– 3 –

American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. Steven and Case Simerl are Missouri citizens. Northeast Power is a Missouri citizen, since it is registered and chartered in the State of Missouri, and its principal place of business is located in Missouri.

American Family issued a "Missouri Homeowners Policy," Policy No. 24-BN8204-01, with a policy period from May 1, 2017 to May 1, 2018, to named insured "Steven F. and Lori A. Simerl," which provided various coverages, subject to all of its terms and conditions, including Personal Liability coverage in Section II, which is the subject of this action. (the "Policy").

The Policy's declarations identify the named insured's address as "7912 Hartman Farm Rd., Fulton, MO 65251." The Policy includes an "Intra-Insured Suits," excluding coverage for "…bodily injury to any insured." The policy reads as follows: "Intra-insured Suits. We will not cover bodily injury to any insured." The Policy provides in pertinent part, as follows:

\*\*\*

**NAMED INSURED**
SIMERL, STEVEN F & LORI
A 7912 HARTMAN FARM RD
FULTON, MO 65251-7132

\*\*\*

**DEFINITIONS**

**The following words in this policy have defined meanings. They will be printed in bold type.**

**1. Bodily Injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death.

**Bodily injury** does not include:
> a. any of the following which are communicable: disease, bacteria, parasite, virus or other organism which are transmitted by any insured to any other person;
> b. the exposure to any such communicable disease, bacteria, parasite, virus or other organism; or
> c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

\*\*\*

5. **Insured**
> **a. Insured** means **you** and, if residents of **your** household:
> (1) **your** relatives;

\*\*\*

## LIABILITY COVERAGES - SECTION II

\*\*\*

## COVERAGE D - PERSONAL LIABILITY COVERAGE

We will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

\*\*\*

## EXCLUSIONS - SECTION II

**Coverage D - Personal Liability and Coverage E – Medical**
Expense do not apply to:

\*\*\*

11. **Intra-insured Suits**. **We** will not cover **bodily injury** to any
**insured**.

\*\*\*

On October 8, 2017, Case and Steven allegedly assembled a deer stand on a
family friend's farm in Scotland County, Missouri. While Case was kneeling atop
the newly assembled deer stand, he alleges electricity 'arced,' or was otherwise
conducted, from a Northeast Power electric line electrocuting Case, throwing him
of the deer stand, and causing bodily injury and resulting damages

On February 5, 2019, Case filed a Petition in the Circuit Court of Scotland
County, Missouri, identified as Cause No.: 19SE-CC00007 ("Petition"), alleging
that Northeast Power is liable to Case for damages arising from bodily injury he
incurred in the Accident. (the "Underlying Lawsuit").

On November 4, 2022, Case filed a First Amended Petition. Also on
November 4, 2022, Northeast Power filed its Third-Party Petition in the
Underlying Lawsuit, alleging that Steven's joint activity with Case in assembling
and erecting a deer stand – directly underneath and within 10-feet of Northeast's
overhead power lines – was careless, negligent, and/or violated other duties arising

– 6 –

under Missouri law, which caused and/or contributed to cause Case's Bodily Injury and resultant damages alleged in the First Amended Petition (the "Third-Party Petition"). This Third-Party Petition has been dismissed without prejudice.

The insured premises occupied by the Named Inured is located at: "7912 Hartman Farm Road, Fulton, MO 65251." On October 8, 2017, when the alleged accident occurred, Steven was the policyholder and a "Named Insured" identified in the Policy's Declarations.

There is no dispute that Case is Steven's son. Further, there is no dispute that at all relevant times, including October 8, 2017, when the alleged accident occurred, Case was a resident of Steven's household.

Plaintiff moves for summary judgment asserting that the Policy contains an intra-insured exclusion under which there is no liability coverage provided for bodily injury to an insured. Plaintiff argues that Case falls within the Policy's definition of "insured" because he is Steven's son living with Steven at the time of the accident alleged in the State Action. Plaintiff argues that because there is no liability coverage under the Policy for a claim brought by one insured against another insured, it is entitled to summary judgment.

This is a diversity case and Missouri law applies. The interpretation of an insurance policy and the determination whether coverage and exclusion provisions are ambiguous or unambiguous are questions of law for the Court. *Burns v. Smith*,

303 S.W.3d 505, 509 (Mo.2010) (en banc); see also *D.R. Sherry Constr., Ltd. v. American Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo.2010) (en banc) ("As with any other contract, the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage.").

> "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance...." [*Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007)d. (quotation marks omitted).] "Absent an ambiguity, an insurance policy must be enforced according to its terms." *Id.* Notably, "[w]here the policy language has already been judicially defined," no ambiguity exists, and "the judicial definition[ ] assigned to [a] policy term [is] controlling." *Walden v. Smith*, 427 S.W.3d 269, 274 (Mo. App. 2014).

*Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 (Mo. banc 2018) (alterations in original).

Terms in an insurance contract are to be interpreted according to their plain meaning. *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo.1999) (en banc). "The plain or ordinary meaning is the meaning that the average layperson would understand." *Id*. Any ambiguities in insurance policies must be resolved in favor of the insured. *Burns*, 303 S.W.3d at 509–10. "Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written." *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo.1992) (en banc) (citations omitted). Nonetheless, "Insurance policies are to be given a reasonable construction and

interpreted so as to afford coverage rather than to defeat coverage*." Nixon v. Life*

*Investors Ins. Co. of America*, 675 S.W.2d 676, 679 (Mo.Ct.App.1984).

> "'An ambiguity exists when there is duplicity, indistinctness, or uncertainty
> in the meaning of the language in the policy.'" Seaton v. Shelter Mut. Ins.
> Co., 574 S.W.3d 245, 247 (Mo. banc 2019) (quoting Taylor v. Bar Plan Mut.
> Ins. Co., 457 S.W.3d 340, 344 (Mo. banc 2015)). Ambiguous language also
> exists when the language " 'is reasonably open to different constructions.' "
> Seeck, 212 S.W.3d at 132 (quoting Gulf Ins. Co. v. Noble Broad., 936
> S.W.2d 810, 814 (Mo. banc 1997)). "Any ambiguity is resolved in favor of
> the insured." *Swadley v. Shelter Mut. Ins. Co*., 513 S.W.3d 355, 357 (Mo.
> banc 2017) (citing *Ritchie v. Allied Prop. & Cas. Ins. Co*., 307 S.W.3d 132,
> 135 (Mo. banc 2009)). Yet, "[c]ourts may not create an ambiguity when
> none exists." *Doe Run Res. Corp. v. Am. Guarantee & Liab. Ins*., 531
> S.W.3d 508, 511 (Mo. banc 2017) (citing *Todd v. Mo. United Sch. Ins.
> Council*, 223 S.W.3d 156, 160 (Mo. banc 2007)).

*Shelter Mut. Ins. Co.* 688 S.W.3d at 645.

"Missouri ... strictly construes exclusionary clauses against the drafter, who

also bears the burden of showing the exclusion applies." *Burns*, 303 S.W.3d at 510.

The same rules of construction apply to exclusions, however, as to coverage

provisions. "Where language in an insurance contract is unequivocal, it is to be

given its plain meaning notwithstanding the fact that it appears in a restrictive

provision of a policy." *Harrison v. MFA Mut. Ins. Co*., 607 S.W.2d 137, 142

(Mo.1980) (en banc).

Under Missouri law, the contractual terms and provisions of insurance

policies will be enforced unless they violate public policy. See *American Family

Mut. Ins. Co. v. Ward*, 789 S.W.2d 791, 795–96 (Mo.1990) (en banc) (Missouri

– 9 –

Motor Vehicle Safety Responsibility Law did not have effect of invalidating household exclusion clauses). The instant case involves an "intra-insured," a household exclusion which Missouri courts have described as a "limitation or exclusion from providing coverage for bodily injury to the insured or anyone connected with the insured by blood or affinity." *Kearbey by Kearbey v. Kinder*, 972 S.W.2d 575, 577 n. 1 (Mo.Ct.App.1998).

Household exclusion provisions have been enforced by Missouri courts on numerous occasions. See, e.g., *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523, 526 (Mo.1995) (en banc) (household exclusion in automobile liability policy was unambiguous and excluded claim by a member of the insured's family residing in the insured's household); *Jensen v. Allstate Ins. Co*., 349 S.W.3d 369, 380 (Mo.Ct.App.2011) (household exclusion that excluded coverage for claim brought by any person related to insured by marriage and living in the same household was unambiguous and applied to widow's claim against the insured for liability coverage over and above the Missouri Motor Vehicle Financial Responsibility Law's statutory limit of $25,000); *Ulsas v. Progressive Northwestern Ins. Co*., 275 S.W.3d 366, 369–70 (Mo.Ct.App.2009) (household exclusion under liability insurance policy issued for personal watercraft, excluding coverage for "bodily injury to you or a relative," precluded coverage for bodily injury sustained by the named insured's son when his personal watercraft collided

– 10 –

with the insured watercraft being operated by a permissive user, where the son resided in same household as the named insured). The policy is unambiguous and clearly excludes intra-insured actions by Case against Steven.

Moreover, because Northeast's action is derivative of Case's claims, its claims are barred by the intra-insured exclusion. See, *American Family v. Ward*, 789 S.W.2d 791, 793 (Mo 1990).

> American Family relies primarily on *State Farm Mut. Auto. Ins. Co. v. Ward*, 340 S.W.2d 635 (Mo.1960). There, the insured was operating a motor vehicle when it was involved in a collision. The insured was killed. His wife and daughter were injured. The wife and daughter sued the insured's estate seeking damages. The insurer brought a declaratory judgment action to determine if a clause in the liability insurance policy excluding "any member of the family of the insured residing in the same household as the insured" from coverage was valid as against the public policy expressed in the Safety Responsibility Law, § 303.010, et seq. The Court noted that the provisions of § 303.190.2(2) mandate the coverage required in a "motor vehicle liability policy." *Id*. at 637. However, a "motor vehicle liability policy," as used in the Safety Responsibility Law, meant an insurance policy "certified" as proof of financial responsibility under the provisions of § 303.170 or § 303.180. Id. at 638. The Court said, " 'We cannot read into the insurance contract, under the guise of public policy, provisions which are not required by law and which the parties thereto clearly and plainly have failed to include.' " *Id*. at 639 (quoting *Barkley v. Int'l Mut. Ins. Co*., 227 S.C. 38, 86 S.E.2d 602, 605 (1955)). Even though a provision in an insurance policy is restrictive, the Court reasoned, such provision must be given its plain meaning. The Court held that in the absence of certification of the policy, an unambiguous and unequivocal family exclusion clause is effective and does not violate public policy. *Id*. That holding was reaffirmed in *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137, 142 (Mo. banc 1980).

> In *MFA Mut. Ins. Co. v. Howard Const. Co*., 608 S.W.2d 535 (Mo.App.1980), decided after *Whitehead & Kales Co*., the question arose as to what effect a family exclusion provision in an automobile liability

– 11 –

insurance policy would have on a claim for contribution. There, the insured was operating a vehicle when it was involved in an accident. The insured was killed, and two of the insured's children were injured in the collision. One of the children brought suit against Howard Construction Company which was engaged in highway repair work near the scene of the accident. The suit claimed Howard had negligently failed to post warning signs of the repair work. Howard filed a third-party claim against the insured's estate seeking contribution for any negligence attributable to the deceased insured. A declaratory judgment action was brought by the insurer to determine the extent of its liability for contribution. The court began by pointing out that because the insured was deceased, the child could maintain an action against the insured's estate. Therefore, Howard was permitted to maintain the derivative third-party action for contribution under *Whitehead & Kales*. *Id*. at 538. However, "Insurance policy exposure is neither enhanced nor reduced by [the apportionment and contribution] aspect of *Whitehead and Kales*." *Id*. After reciting the family exclusion clause, the court stated that the clause was plain and unambiguous. Accordingly, the court gave effect to the intent of the parties as expressed in the contract. The court deemed it unnecessary to decide the public policy issue.

*Am. Fam. Mut. Ins. Co. v. Ward*, 789 S.W.2d 791, 793 (Mo. 1990). As a claim that is derivative of Case's claims, Northeast's claims for allocation and contribution are barred by the intra-insured exclusion in the policy.

Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has met its burden to establish that the intra-insured exclusion in the Policy applies to preclude coverage for allocation and contribution for bodily injury suffered by Defendant Case Simerl. Plaintiff's Motion for Summary Judgment against Defendant Northeast should therefore be granted.

Accordingly,

– 12 –

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary

Judgment, as against Defendant Northeast, [Doc. No. 36] is **GRANTED**.

A separate judgment is entered this same date.

Dated this 16th day of April, 2025.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE